**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **RAHMATULLAH YAZDANI** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-1161-JWD-EWD** |
| **K. JORDAN, ET AL.** | |

## RULING AND ORDER

Petitioner, Rahmatullah Yazdani, has filed a Petition for Writ of Habeas Corpus (Doc. 1) pursuant to 28 U.S.C. § 2241 challenging as unlawful his ongoing detention in the custody of U.S. Immigration and Customs Enforcement (ICE). The Court has reviewed the parties' filings and the A-File, as well as the applicable law. Petitioner's habeas case is materially indistinguishable in pertinent part from this Court's prior decisions granting habeas relief to noncitizens held in immigration detention without any legitimate purpose and with no end in sight. *See Rodriguez Romero v. Ladwig*, 827 F. Supp. 3d 779 (M.D. La. 2026); *Dominguez Fernandez v. Acuna*, No. 26-cv-375, 2026 WL 2546662 (M.D. La. Aug. 27, 2026); *Omorodion v. Noem*, No. 26-cv-72, 2026 WL 2323240 (M.D. La. Aug. 11, 2026); *Martinez Rico v. U.S. ICE*, No. 25-cv-990, 2026 WL 2069779 (M.D. La. July 16, 2026); *Omar v. U.S. ICE*, No. 26-cv-443, 2026 WL 1663009 (M.D. La. May 29, 2026). Therefore, as explained below, the Court finds that Yazdani is likewise entitled to habeas relief.[1]

Yazdani is a citizen of Afghanistan. An immigration judge ordered that he be removed from the United States to his native Afghanistan on December 20, 2024. (Doc. 20 at 8). The removal order became final on January 22, 2025, with no appeals filed. (Doc. 9 at 2). In March 2025, ICE Enforcement and Removal Operations (ERO) initiated the process of obtaining travel documents

[1] This Court previously explained the applicable law in a detailed opinion, *Rodriguez Romero v. Ladwig*, 827 F. Supp. 3d 779 (M.D. La. 2026), which is incorporated here by reference.

for Yazdani's removal to France. (Doc. 9-1 at 2). ICE ERO forwarded Yazdani's identity documents to ICE Detention and Deportation Office (DDO) in June 2025, and ERO followed up with DDO several times through December 2025. *Id.* In February 2026, ICE ERO submitted travel document requests to France and Afghanistan, which were still pending in March 2026. *Id.* There has been no indication to the Court as of this writing that circumstances have changed to this day. Yazdani remains in ICE custody with no concrete removal plan.

In *Zadvydas v. Davis*, the U.S. Supreme Court instructed that:

> [T]he habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal. It should measure reasonableness primarily in terms of the statute's basic purpose, namely, assuring the alien's presence at the moment of removal. Thus, if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute.

*Zadvydas v. Davis*, 533 U.S. 678, 699–700 (2001). Finding that detention for longer than six months is constitutionally suspect, the Court established that a period of up to six months is a presumptively reasonable time to detain a person for the purpose of effectuating removal. *Id.* at 699, 701. Once a petitioner has shown that there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must show evidence sufficient to rebut the petitioner's showing; otherwise, petitioner's detention is unlawful. *Id*. at 701.

Here, ICE has detained Yazdani for over 600 days,[2] based on an abstract possibility of removing him to France or Afghanistan at some unspecified time in the future. (Doc. 10). Yazdani has presented good reason to believe his removal is not imminent—that the Government's internal process of attempting to remove Yazdani to France was pending for almost one year before a travel

[2] From the date his order of removal was finalized; Yazdani was detained for an additional 8 months prior to that finalization—in total over 850 days.

document requests were sent to the target countries, and that those requests have now been pending for over seven months, are proof enough that ongoing efforts alone do not establish a significant likelihood of removal in the reasonably foreseeable future. The Government bears the burden of rebuttal, showing that removal is reasonably foreseeable and Yazdani's prolonged detention is therefore justified. In an effort to make this showing, the Government merely posits:

> [I]mmigration authorities have taken several steps to assist Petitioner obtain travel documents from France. And they recently submitted a new travel document request to both Embassies of France and Afghanistan.

(Doc. 9 at 7). The Government provides no other justification for Yazdani's continued detention.[3]

The Government argues that progress, however slow, justifies continued detention. (Doc. 9 at 7). The Supreme Court says otherwise—it explicitly disavowed the use of vague and speculative rationales to justify detention in *Zadvydas v. Davis*, 533 U.S. 678, 702 (2001) (Rejecting a standard that would render continued "detention lawful as long as good faith efforts to effectuate deportation continue and [the noncitizen] failed to show that deportation will prove impossible."); *see also Villanueva v. Tate*, 801 F. Supp. 3d 689, 704 (S.D. Tex. 2025) ("But the government may not detain Villanueva for an indefinite and undetermined period of time while it tries to effect that removal when the circumstances are such that his removal is not reasonably likely in the foreseeable future."); *Martinez Rico*, 2026 WL 2069779, at *4 (relying on speculative nature of ICE agent's statement — that ICE "is still working to remove the petitioner to a third country"— in granting habeas relief and finding: "Nearly one year has passed since ICE detained Martinez Rico . . . . Yet, ICE has made no meaningful progress in removing Martinez Rico.").

As of this writing, Yazdani has been detained more than 600 days and counting. There appears to be no end in sight. This period of detention well exceeds the six-month presumptively

---

[3] Indeed, upon custody review in July 2025, ICE determined that Yazdani should remain in custody because "Yazdani has a significant likelihood of removal." (Doc. 20 at 91).

reasonable period that the Supreme Court recognized in *Zadvydas* and *Clark v. Martinez*, 543 U.S. 371, 386 (2005) (explaining that mere passage of time may suffice as reason for release when "Government ha[s] brought forward nothing to indicate that a substantial likelihood of removal subsists").

Each day that Yazdani remains indefinitely detained, his constitutional right to liberty is severely restrained. *See Zadvydas*, 533 U.S. at 690 ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." (*citing Foucha v. Louisiana*, 504 U.S. 71, 80 (1992))). And that harm is irreparable. *See Ventura Martinez v. Trump*, No. 25-cv-1445, 2025 WL 3124847, at *3 (W.D. La. Oct. 22, 2025) ("The erroneous deprivation of a [noncitizen]'s liberty, for even minimal periods of time, unquestionably constitutes irreparable injury.") (internal citations omitted). Therefore,

**IT IS ORDERED** that the **Petition for Writ of Habeas Corpus** (Doc. 1) is **GRANTED** and Petitioner Yazdani is entitled to release from ICE custody. Federal Respondents will release Petitioner within **24 hours** of this Ruling and Order, subject to appropriate conditions of supervised release.

**IT IS FURTHER ORDERED** that Federal Respondents shall, at least **4 hours prior** to Petitioner's release, notify Petitioner's Counsel of the time and place of his release in order to facilitate travel.

**IT IS FURTHER ORDERED** that Federal Respondents will return to Petitioner all of his belongings, including any identifying documents, and provide him with a written copy of any supervision orders.

**IT IS FURTHER ORDERED** that Federal Respondents shall not re-detain Petitioner without due process of law, and in accordance with this Ruling and Order, the Due Process Clause of the Fifth Amendment to the U.S. Constitution, and ICE's own regulations.

Signed in Baton Rouge, Louisiana, on September 17, 2026.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**